IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>ORLANDO ROJO,<br><br>Defendant-Appellant. | U.S.C.A. No. 23-598<br><br>U.S.D.C. No. 21-CR-682-GPC<br><br>**APPELLANT'S MOTION FOR APPELLEE TO FILE THE ANSWERING BRIEF BY OCTOBER 20, 2023 AND SCHEDULE ORAL ARGUMENT ON THE SAME CALENDAR AS THE RELATED CASE OF U.S. v. DUARTE, 22-50048** |

Under Federal Rules of Appellate Procedure 27 and 34 and 9th Circuit Rules 28-2.6(b), 34-1, 34-2, and 34-3, Orlando Rojo, through undersigned counsel, moves this Court to order the government to file the Answering brief by October 20, 2023, and schedule oral argument on the same calendar as the related case of United States v. Duarte, 22-50048. Both *Duarte* and Mr. Rojo's case involve the same question of whether a conviction 18 U.S.C. § 922(g)(1) violates the Second Amendment.

1

The cases, however, rest in procedurally different positions. In *Duarte*, the case is fully briefed and is being considered for the December oral argument calendar. And in the briefing the government is arguing for application of the plain error standard of review. In Mr. Rojo's case, after a 30-day streamlined extension, the government's brief is currently due September 18, 2023. But in Mr. Rojo's case the Second Amendment challenge is unquestionable preserved.

Because these cases "raise the same legal issues," Circuit Advisory Committee Note to Rules 34-1 to 34-3—but potentially different standards of review that could allow the merits to be avoided in *Duarte*—this Court should hear the cases on the same calendar. This can be achieved by ordering the government to comply with the current briefing schedule or allow the government no more than one additional 30-day extension to October 20, 2023, and placing Mr. Rojo's case on the same calendar as *Duarte*.

|  |  |
|---|---|
| DATED: August 29, 2023 | Respectfully submitted,<br><br>*s/ Vincent J. Brunkow*<br>Vincent J. Brunkow<br>Federal Defenders of San Diego, Inc.<br>225 Broadway, Suite 900<br>San Diego, CA 92101<br>(619) 234-8467/ Fax: (619) 687-2666<br>Attorneys for Mr. Rojo |

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br><br>v.<br><br>ORLANDO ROJO,<br><br>    Defendant-Appellant. | U.S.C.A. No. 23-598<br><br>U.S.D.C. No. 21-CR-682-GPC<br><br>**DECLARATION IN SUPPORT OF MOTION FOR APPELLEE TO FILE THE ANSWERING BRIEF BY OCTOBER 20, 2023 AND SCHEDULE ORAL ARGUMENT ON THE SAME CALENDAR AS THE RELATED CASE OF U.S. v. DUARTE, 22-50048** |

I, Vincent J. Brunkow, under penalty of perjury, declare as follows:

    1.    I am an attorney duly licensed to practice law in the State of California and the United States Court of Appeals for the Ninth Circuit.

    2.    I am an employee of Federal Defenders of San Diego, Inc., which has been appointed to represent Mr. Rojo on appeal. I am assisting Mr. Rojo's assigned attorney while she is on leave.

    3.    Mr. Rojo was released from his custodial sentence on August 21, 2023. He is serving a three-year term of supervised release.

4. Mr. Rojo presents a single issue on appeal: Whether his conviction under 18 U.S.C. § 922(g)(1) violates the Second Amendment. The issue was raised and ruled upon below. The Ninth Circuit Federal Public and Community Defenders have filed an amicus brief in support of Mr. Rojo.

5. Several cases raising Second Amendment challenges to § 922(g)(1) are currently pending before this Court, including States v. Duarte, No. 22-50048, United States v. Registe, No. 20-30042, and United States v. Butts, No. 23-313. As described below, in each of these cases, the appellant or government has asked this Court to either have that case be heard on the same oral argument calendar as Mr. Rojo's case or to stay those proceedings until the conclusion of Mr. Rojo's case. Counsel is unaware of any other pending case where an opening brief has raised a similar Second Amendment challenge to § 922(g)(1).

6. On August 17, 2023, this Court provided notice that *Duarte* was under consideration for oral argument during the December 2023 and the January 2024 Pasadena sitting dates. Notably, the government's Answering Brief claims that Mr. Duarte did not preserve a Second Amendment claim and that he cannot meet any of the prongs

of plain error review. *See* 22-50048 Doc. 33. On August 21, 2023, Mr. Duarte filed a motion to schedule the related cases of Mr. Rojo and *Butts*, for oral argument before the same panel. *See* 22-50048 Doc. 42.

7. On August 22, 2023, the government filed an opposition. *See* 22-50048 Doc. 44. The government took the position that the case should be argued in December 2023. *Id.* at 1. It opposed "open-ended delay" in a case that "raises an 'important issue' with 'implications for numerous defendants in this Circuit and nationwide.'" *Id.* at 3 (quoting Mr. Duarte's motion). The government reasoned that the "sheer volume of cases challenging the constitutionality of § 922(g)(1) after *Bruen* demonstrates the need for prompt and clear guidance from this Court for the benefit of district courts throughout this Circuit." *Id.* The government stated, however, that it "does not oppose defendant's request that any related cases *ready for argument* be heard before the same panel on the same day." *Id.* at 4 (quotations omitted, emphasis in original). The government also stated: "If other cases raising the same issue are also ready for argument by December 2023, the government has no objection to scheduling them before the same panel that hears

this case." *Id*. On August 24, 2023, this Court denied Mr. Duarte's motion without explanation.

8. On July 27, 2023, the appellant in *Registe* filed an unopposed motion to stay the proceedings pending resolution of Mr. Rojo's case. *See* 20-30042, Doc. 52. This Court has not ruled on the motion. The government has argued plain error should apply to that appeal. *See* 20-30042, Doc. 45, at 15.

9. On August 28, 2023, the government in *Butts* filed an opposed motion to stay proceedings pending the resolution of Mr. Rojo's case. 23-313, Doc. 24. The government's motion notes that the Ninth Circuit Federal Public and Community Defenders have filed a substantially identical amicus brief in that case. *Id*. at 3. The Montana Association of Criminal Defense Lawyers also have filed an amicus brief in support of Mr. Butts. *See* 23-313, Doc. 20. The government's stay motion correctly notes that the "panel addressing *Rojo* will necessarily address the dispositive issue of whether *Vongxay* is clearly irreconcilable with *Bruen*, as well as potentially addressing issues regarding the constitutionality of 18 U.S.C. § 922(g)(1) that could potentially be dispositive here." *See* 23-313, Doc. 24 at 4. Because the

4

government advocates for the application of the plain error standard in *Duarte*, the same cannot be said about that case.

10. Circuit Advisory Committee Note to Rules 34-1 to 34-3, provides that when "pending cases raise the same legal issues, the Court may advance or defer the hearing of an appeal so that related issues can be heard at the same time." Mr. Rojo's case should be advanced to be heard on the same oral argument calendar as *Duarte*, whether that be in December or some later date. Scheduling at least these cases together is particularly important, as the issue is unquestionably preserved in Mr. Rojo's case, but application of plain error review is in dispute in *Duarte*. As stated by the government in *Duarte*, the "sheer volume of cases challenging the constitutionality of § 922(g)(1) after *Bruen* demonstrates the need for prompt and clear guidance from this Court for the benefit of district courts throughout this Circuit." 22-50048 Doc. 44 at 3. But the only way to ensure that "prompt and clear guidance" is to consider a case, like Mr. Rojos's or *Butts,* where the issue has been unquestionably preserved.

11. Advancing Mr. Rojo's case to be ready for oral argument in or after December will still provide the government with sufficient time

5

to file its Answering Brief. Mr. Rojo filed his opening brief on July 19, 2023. He requested and received just one 14-day extension – it had originally been due on July 5, 2023.

12. On July 11, 2023, this Court posted an announcement reminding parties that streamlined extensions pursuant to Ninth Circuit Rule 31-2.2(a) are "intended to be the sole extension of time to file a brief." This Court also warned that "written motions to further extend time will no longer be routinely granted."

13. On July 20, 2023, the government requested a streamlined extension. This Court granted the request, and the Answering Brief is currently due September 18, 2023.

14. Beginning August 23, 2023, undersigned counsel began communicating with government counsel to attempt to agree on a briefing schedule that would allow this case to be placed on the December oral argument calendar. Ultimately, government counsel would not commit to filing the Answering Brief by any date, and indicated the government would oppose this motion.

15. Even if the government sought an additional extension of 30-days, which would be 90-days from its original due date, the Answering

Brief would be due October 20, 2023. And if the government were to obtain such an extension, Mr. Rojo could submit any reply brief within 14-days. Thus, briefing would be complete by November 3, 2023, over a month before the beginning of the December sitting.

I so declare this twenty-ninth day of August 2023, in San Diego, California.

 *s/ Vincent J. Brunkow*
Vincent J. Brunkow
Declarant
