No. 23-598

# United States Court of Appeals
FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
PLAINTIFF-APPELLEE

*v.*

ORLANDO ROJO,
DEFENDANT-APPELLANT

*On Appeal from the United States District Court
for the Southern District of California
21CR682-GPC*

**RESPONSE IN OPPOSITION TO MOTION TO EXPEDITE**

For several reasons, the Court should deny Rojo's motion to set the deadline for the government's answering brief on October 20, 2023 and to schedule oral argument in this case on the same calendar as *United States v. Duarte*, No. 22-50048 (9th Cir.).

First, this Court has already denied a motion to schedule argument in these cases on the same calendar in *Duarte. See* ECF No. 46 ("Appellant's 'motion to schedule related cases for argument before the same panel' (Docket Entry No. 42) is denied."). Rojo essentially asks this Court to undo that earlier ruling. The Court should decline that request.

1

Second, as the government noted in its answering brief in *Duarte*, the constitutional challenge to 18 U.S.C. § 922(g)(1) was either waived or forfeited. *See* ECF No. 36 at 35–36. Thus, if the Court finds no waiver, it will ask whether § 922(g)(1) is clearly and obviously unconstitutional under current law; whether the appellant suffered prejudice; and whether declining to reverse would seriously affect the fairness, integrity, or public reputation of the proceedings. *See United States v. Gonzalez-Becerra*, 784 F.3d 514, 518 (9th Cir. 2015). Here, in contrast, Rojo preserved his constitutional challenge in the district court. *See* ER-53–75. So in this appeal the Court will simply decide whether § 922(g)(1) is unconstitutional. Those are very different questions.

Third, § 922(g)(1)'s constitutionality is an important issue. No one disputes that. But that is all the more reason not to insert undue rigidity into the briefing schedule and bar the possibility of extensions if cause for taking them is shown.

Fourth, while the government will work expeditiously to brief this case, in the coming weeks it may seek an extension exceeding the 30-day proposal mentioned in Rojo's motion due to the assigned prosecutor's recent competing past deadlines and other upcoming deadlines, some of which have already been extended one or more times. Those deadlines, as they currently stand, include:

- September 5, 2023 – brief due in *United States v. Singh*, No. 20-50245 (9th Cir.)
- October 4, 2023 – oral argument in *United States v. Yzaguirre*, No. 20-50155 (9th Cir.)
- October 10, 2023 – brief due in *United States v. Havins*, No. 23-896 (9th Cir.) (also raising § 922(g)(1) challenge)
- October 13, 2023 – brief due in *United States v. Martins*, No. 23-50004 (9th Cir.)
- October 18, 2023 – brief due in *United States v. Ridgeway*, No. 23-710 (9th Cir.) (also raising § 922(g)(1) challenge)[1]
- October 23, 2023 – trial in *United States v. Fencl*, No. 21CR3101-JLS (S.D. Cal.)
- October 31, 2023 – brief due in *United States v. Palacios*, No. 22-50263 (9th Cir.)
- November 17, 2023 – brief due in *United States v. Tilotta*, No. 23-434 (9th Cir.)
- December 27, 2023 – brief due in *United States v. Daniels*, No. 23-791 (9th Cir.)

For all of those reasons, this Court should deny Rojo's request to set the deadline for the government's answering brief on October

---

[1] Regardless of any extensions in this case, *Havins*, or *Ridgeway*, the government anticipates filing the answering brief in this case before filing the answering briefs in *Havins* and *Ridgeway* since this appeal precedes those appeals.

3

20, 2023 and to schedule oral argument in this case on the same calendar as *Duarte*. It should instead allow the briefing to go forward and make decisions about when to schedule oral argument at a later date as the briefing approaches its conclusion.

Respectfully submitted,

ANDREW R. HADEN
 *Acting U.S. Attorney*

DANIEL E. ZIPP
 *Assistant U.S. Attorney*
 *Chief, Appellate Section*
 *Criminal Division*

S/ZACHARY J. HOWE
 *Assistant U.S. Attorney*

*880 Front St., Rm. 6293*
*San Diego, CA 92101*
*(619) 546-8693*

AUGUST 30, 2023.