IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br><br>v.<br><br>ORLANDO ROJO,<br><br>    Defendant-Appellant. | U.S.C.A. No. 23-598<br><br>U.S.D.C. No. 21-CR-682-GPC<br><br>**REPLY IN SUPPORT OF MOTION FOR APPELLEE TO FILE THE ANSWERING BRIEF BY OCTOBER 20, 2023 AND SCHEDULE ORAL ARGUMENT ON THE SAME CALENDAR AS THE RELATED CASE OF U.S. v. DUARTE, 22-50048** |

    The government offers four reasons it opposes Mr. Rojo's motion for the Answering Brief to be filed by October 20, 2023 and have oral argument on the same calendar as the related case of United States v. Duarte, 22-50048. As explained below, they all lack merit.

    First, the government claims that Mr. Rojo's motion "essentially asks this Court to undo" this Court's denial of *Duarte*'s motion to schedule related cases, including Mr. Rojo's, for argument before the same panel. Doc. 25.1 at 1 (citing *Duarte*, 22-50048, Doc. 46). The government is mistaken. While both motions seek to place these related cases on the same calendar, the motions propose different means of

achieving that result. The motion in *Duarte*, included a request "to briefly delay scheduling *Duarte*, to allow time for the briefing to be more complete" in other cases, including Mr. Rojo's. 22-50048, Doc. 42 at 6. This motion in contrast, seeks to prevent the government from further delaying the briefing schedule (beyond a second 30-day extension) to enable the cases to be heard on the same calendar. Viewed in this context, Mr. Rojo's request is fully consistent with the denial of the motion in *Duarte*. In *Duarte*, the denial rejected a request to delay, and here Mr. Rojo's motion attempts to prevent unnecessary delay.

Second, the government claims that *Duarte* and Mr. Rojo raise "very different questions." Doc. 25.1 at 2. To reach this conclusion, the government points to the answering brief in *Duarte*, which argues that the constitutional challenge to 18 U.S.C. § 922(g)(1) in that case was either waived or forfeited. *Id*. (citing 22-50048, Doc. 36 at 35-36). As shown in the Reply Brief in *Duarte*, however, the applicability of waiver or forfeiture is in dispute. *See* 22-50048, Doc. 47 at 3-4. Thus, the government's "different questions" point may not hold true. And even if *Duarte* does rest on the plain error standard, consolidating a preserved

claim with an unpreserved claim before the same panel will promote judicial economy. Consolidation seems particularly apt when dealing with an issue that government counsel in *Duarte* describes as an "important issue with implications for numerous defendants in this Circuit and nationwide." 22-50048, Doc. 44 at 3 (quotations omitted).

Third, the government agrees that this case raises an "important issue," but claims that is a "reason not to insert undue rigidity into the briefing schedule." Doc. 25.1 at 2. Mr. Rojo's request, however, proposes reasonable flexibility rather than undue rigidity. While Mr. Rojo only received one 14-day extension of time to file the Opening Brief, the government has already sought and received a 30-day streamlined extension making their brief due September 18, 2023. Such extensions are "intended to be the sole extension of time to file a brief." Ninth Circuit Rule 31-2.2(a). Even so, Mr. Rojo's request would allow the government the flexibility of seeking an additional 30-day extension. Allowing the government a total of three months to file the Answering Brief seems reasonable in these circumstances. Particularly, when the

government has extensively briefed the issue in the district court and on appeal in *Duarte*.

Finally, listing cases with upcoming deadlines, the government promises "expeditiously to brief this case," but announces it "may seek an extension" beyond October 20, 2023. Doc. 25.1 at 2-3. Notably, the government does not affirmatively state that an extension beyond October 20, 2023, is necessary to accommodate government counsel's workload. Instead, the government states only that it "may seek an extension." *Id*. at 2; *see also id*. (protesting against a schedule that would "bar the possibility of extensions if cause for taking them is shown"). But the government makes no claim that it cannot prioritize this case above its other assignments to file the Answering brief in over a month and a half from now. In fact, a review of the listed cases suggests that filing by October 20, 2023 is manageable. The government has four briefs currently due within that time, but two of them also raise the § 922(g)(1) challenge presented here. Presumably, the government will be filing one of the non-§ 922(g)(1) briefs next week on September 5, 2023. *See* United States v. Singh, 20-50245, Doc. 30, 33,

and 35 (the government has sought three prior extensions). And the government has not indicated a reason why it could not prioritize Mr. Rojo's case over the remaining brief, nor does there appear a need to do so. *See* United States v. Martins, 23-50004, Doc. 8 at 1, 3, 15-16 (appellant primarily raises sentencing challenges to his 72-month sentence and has a June 8, 2028 projected release date).

In sum, the government offers no valid reason why it cannot file the Answering Brief within three months of receiving the Opening Brief, nor why Mr. Rojo's case should not be placed on the same calendar as *Duarte*.

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED: August 31, 2023 | *s/ Vincent J. Brunkow*<br>Vincent J. Brunkow<br>Federal Defenders of San Diego, Inc.<br>225 Broadway, Suite 900<br>San Diego, CA 92101<br>(619) 234-8467/ Fax: (619) 687-2666<br>Attorneys for Mr. Rojo |