

**U.S. Department of Justice**

***Tara K. McGrath***
*United States Attorney*
*Southern District of California*

*Zachary J. Howe*                                                              *(619) 546-8693*
*Assistant United States Attorney*

---

*San Diego County Office*                                    *Imperial County Office*
*Federal Office Building*                                      *516 Industry Way*
*880 Front Street, Room 6293*                            *Suite C*
*San Diego, California 92101-8893*                     *El Centro, California 92231*

March 25, 2024

Molly Dwyer, Clerk
U.S. Court of Appeals, Ninth Circuit
95 Seventh Street
San Francisco, CA 94103-1526

      Re:    *United States v. Rojo*, No. 23-598
               Oral Argument Not Yet Scheduled

Dear Ms. Dwyer:

      This Court recently held that a law allowing courts to restrict gun access for pretrial releasees does not violate the Second Amendment. *See United States v. Perez-Garcia*, --- F.4th ----, 2024 WL 1151665 (9th Cir. 2024). In doing so, it accepted many arguments the government advances here. First, the Court implicitly rejected the notion that *Bruen* uses different tests for different laws. *Id.* at *10 (describing a single test); *see* Ans. Br. 41–47 (arguing for a single test).

      Second, the Court held that history supports "disarming individuals who are not law-abiding, responsible citizens," including those "whose possession of firearms would pose an unusual danger, beyond the ordinary citizen, to themselves or others." *Perez-Garcia*, 2024 WL 1151665, at *14; *see* Ans. Br. 40, 45 (history supports disarming "the unlawful or dangerous"). The Court relied on many of the same sources cited here and refused to read them in the narrow fashion Rojo suggests. *Perez-Garcia*, 2024 WL 1151665, at *14–16; *see* Ans. Br. 20–39.

      Third, the Court refused to "isolate each historical precursor and ask if it differs from the challenged regulation in some way." *Perez-Garcia*, 2024 WL 1151665, at *18. Instead, it "examine[d] the historical evidence as a whole" for "a tradition of

Ms. Molly Dwyer, Clerk
Re: *United States v. Rojo,* No. 23-598
March 25, 2024
Page 2

permissible regulation." *Id.* Under that approach, laws may be valid even "if the Government cannot identify a historical regulation under which [the defendant], specifically, would have been disarmed." *Id.* at \*14; *see* Ans. Br. 44–47 (advocating similar approach).

Finally, the Court deemed relevant not only "traditional firearm regulations," but also "English history," "state constitutions," "Second Amendment precursors," "commentary," "case law," and "legislative debates." *Perez-Garcia*, 2024 WL 1151665, at \*18; *see* Ans. Br. 20–39 (citing many of those sources).

The government also notices *United States v. Dubois*, --- F.4th ----, 2024 WL 927030 (11th Cir. 2024) (*Bruen* did not overrule prior cases upholding § 922(g)(1)); *United States v. Johnson,* --- F.4th ----, 2024 WL 938081 (6th Cir. 2024) (§ 922(g)(1) is not plainly unconstitutional); and *United States v. Jones*, 88 F.4th 571 (5th Cir. 2023) (same).

Sincerely,

TARA K. MCGRATH
United States Attorney

*s/ Zachary J. Howe*
ZACHARY J. HOWE
Assistant U.S. Attorney